## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mahdi Hassan Ali, | Case No. 18-cv-1467 (ECT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tom Roy, *Minnesota Commissioner of Corrections*, | |
| Respondent. | |

---

Leslie J. Rosenberg, Assistant State Public Defender, Office of the Minnesota Appellate Defender, 540 Fairview Avenue North, Suite 300, St. Paul, MN 55104 (for Petitioner); and

Jean Burdorf, Assistant County Attorney, Hennepin County Attorney's Office, C-2000 Government Center, 300 South Sixth Street Minneapolis, MN 55487 (for Respondent).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1). This action has been referred to the undersigned for a report and recommendation to the Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the petition be denied and dismissed with prejudice and a certificate of appealability issue.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On January 6, 2010, Petitioner Mahdi Hassan Ali shot and killed three people during a robbery of the Seward Market in Minneapolis, Minnesota. *State v. Ali*, 855 N.W.2d 235, 240 (Minn. 2014) ("*Ali I*"). A state grand jury indicted Ali on three counts of first-degree premeditated murder and three counts of first-degree felony murder. *Id*. at 243. Because the indictment alleged that Ali was at least 16 years old at the time of the shooting, he was automatically certified to stand trial as an adult under Minnesota law. *Id*. A jury found Ali guilty of one count of first-degree premeditated murder, two counts of second-degree murder, and three counts of first-degree felony murder. *Id*. at 243. The district court, Minnesota's trial court, sentenced Ali to two life sentences *with* the possibility of release after 30 years for two of the first-degree felony murder convictions and to a mandatory sentence of life *without* the possibility of release for the first-degree premeditated murder conviction. *Id*. at 243.

Ali appealed his sentences, among other things, to the Minnesota Supreme Court. *Id*. at 244. There, he argued that the imposition of a sentence of life without the possibility of release violated the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual punishments. *Id*. at 252. He also argued that the imposition of consecutive sentences violated his rights under the Eighth Amendment and Article I, Section 5 of the Minnesota Constitution because those sentences were the practical equivalent of a life sentence without the possibility of release. *Id*. at 257.  In making each of those arguments, Ali relied in part on the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 465 (2012). *Id*. at 252–53. Ali argued that,

as applied to juvenile offenders, *Miller* made unconstitutional Minnesota law that mandated the imposition of a life sentence without the possibility of release for premeditated murder. *Id.* at 253. He argued that *Miller* required the district court to sentence him to life with the possibility of release after 30 years. *Id.* The State conceded that the district court should resentence Ali for the first-degree premeditated murder conviction but argued that the district court should do so following a "*Miller* hearing." *Id.*

The Minnesota Supreme Court remanded the matter back to the district court and ordered the district court to conduct a *Miller* hearing, where the district court was to consider mitigating circumstances, including Ali's age and upbringing, before resentencing. *Id.* at 253–57. The Minnesota Supreme Court rejected Ali's argument that the imposition of consecutive sentences violated his Eighth Amendment rights. *Id.* at 258. It concluded that the Eighth Amendment prohibited only the mandatory imposition of a life sentence without the possibility of release for juvenile offenders. *Id.* It held that the district court had the discretion to impose consecutive sentences and that Ali's sentences were consistent with sentences that other courts imposed for similar offenses. *Id.* at 258–59.

At the resentencing hearing for Ali's first-degree premeditated murder conviction, the State argued that the district court did not need to hold a *Miller* hearing because the State would stipulate to a third consecutive sentence of life imprisonment *with* the possibility of release after 30 years. *State v. Ali*, 895 N.W.2d 237, 240 (Minn. 2017) ("*Ali II*"). The State explained that judicial economy would be best served by

forgoing a *Miller* hearing because "the Minnesota Supreme Court affirmed the consecutive imposition of essentially the three life terms" and Ali would "be over 100 years old before he is eligible for parole." *Id*. In response, Ali argued that the Eighth Amendment still required the district court to conduct a *Miller* hearing. *Id*. at 241. He contended that such a hearing was required because three consecutive life sentences *with* the possibility of release was the "functional equivalent" of a life sentence *without* the possibility of release. *Id*. In addition, though Ali claimed that a *Miller* hearing was required, he argued that because the legislature had not provided "a framework" for those hearings, the district court could not hold such a hearing without violating the separation of powers doctrine. *Id*. He further argued that the district court should impose three concurrent life sentences with the possibility of release after 30 years. *Id*.

Without holding a *Miller* hearing, the district court sentenced Ali to three consecutive life sentences, each with the possibility of release after 30 years. *Id*. The district court determined that Ali's sentences did not violate the Eighth Amendment. *Id*. The district court reasoned that a *Miller* hearing was not required because the imposition of multiple consecutive sentences "was not the same" as a mandatory life sentence without the possibility of release for a single offense, even if the consecutive sentences resulted in the juvenile serving the "functional equivalent" of a life sentence without the possibility of release. *Id*. As a result, the district court did not hold a *Miller* hearing before sentencing Ali. *Id*.

Ali again appealed to the Minnesota Supreme Court, which affirmed his sentences. *Id*. at 246. The Minnesota Supreme Court determined that the rule announced in *Miller*,

and made retroactive in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), did not extend to cases where the imposition of consecutive sentences would amount to the functional equivalent of a life sentence without the possibility of release. *Id*. The Minnesota Supreme Court acknowledged a split among courts that had considered the issue but explained that "absent further guidance" from the United States Supreme Court, it would "not extend the *Miller/Montgomery* rule to include . . . juvenile offenders who are being sentenced for multiple crimes." *Id*. at 246.

Minnesota Supreme Court Associate Justice Margaret Chutich dissented. *Id*. at 248. She stated that because the Eighth Amendment "dictates that sentencing courts must honor the constitutional differences between children and adults and treat juvenile offenders differently," "the characteristics of youth and the prospects for rehabilitation must be evaluated before a juvenile offender is condemned to a lifetime in prison, no matter whether the juvenile committed one offense or multiple offenses." *Id*. at 250–51. Justice Chutich concluded that she would remand to the district court for the imposition of three concurrent sentences of life imprisonment with the possibility of release after 30 years because the passage of time made it impossible to hold a meaningful *Miller* hearing in Ali's case. *Id*. at 253.

Ali now seeks habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). Ali asserts that the imposition of three consecutive life sentences, each with the possibility of release after 30 years, is the functional equivalent of a life sentence without the possibility of release. He argues that, absent a *Miller* hearing, his sentences violate his Eighth

5

Amendment right to be free of cruel and unusual punishment. Respondent timely filed an answer opposing the petition. (ECF No. 7).

## II.    ANALYSIS

### A.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs review of habeas corpus petitions filed by state prisoners. State prisoners may seek relief on the grounds that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief may be granted under section 2254 only when the state prisoner can establish that a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. § 2254(d).

A state court decision is contrary to clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "An 'unreasonable application' of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir.

2016) (citing *Williams*, 529 U.S. at 407). "In other words, it is not enough . . . to conclude that, in [the court's] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII. This "right flows from the basic precept of justice that punishment for crime should be graduated and proportioned" and "guarantees individuals the right not to be subjected to excessive sanctions." *Roper v. Simmons*, 543 U.S. 551, 560 (2005) (citations and internal quotations omitted). The concept of proportionality is central to an Eighth Amendment analysis and is viewed not through a historical prism but according to "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102, (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion)). Typically, Eighth Amendment jurisprudence deals with either "categorical bans on sentencing practices based on mismatches between the culpability of a class of offenders and the severity of a penalty" or the mandatory imposition of certain types of sentences without considering the offender's characteristics and details of the offense. *Miller*, 567 U.S. at 470.

Cases involving the sentencing of juvenile offenders implicate both issues. Because juveniles "have diminished culpability and greater prospects for reform . . . 'they are less deserving of the most severe punishments.'" *Id*. at 471 (quoting *Graham v. Florida*, 560 U.S. 48, 68 (2010)). As a result, the Eighth Amendment requires that children be subject to a distinct set of sentencing rules. *Id*. at 472–75. Children may not,

for example, be subject to capital punishment. *Roper*, 543 U.S. at 578. Nor may they be sentenced to life without the possibility of parole in non-homicide cases. *Graham*, 560 U.S. at 82. In addition, the United States Supreme Court in *Miller* expressly held that the "Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. The *Miller* court explained that "[a]lthough we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 480.

### B.  The Minnesota Supreme Court's Decision Is Not Unreasonable

The Minnesota Supreme Court concluded that the imposition of three consecutive life sentences, each with the possibility of release after 30 years, without a *Miller* hearing, did not violate Ali's Eighth Amendment rights. *Ali II*, 895 N.W.2d at 246. Ali contends that the Minnesota Supreme Court's ruling contradicts the express purpose of *Miller* and *Montgomery*. According to Ali, the focus should not be on the number of offenses for which he has been sentenced. Instead, because of his status as a juvenile offender, he argues that the focus should be on the effective result of his sentences. He contends that because his sentences are the functional equivalent of a life sentence without the possibility of release, the rules announced in *Miller* and *Montgomery* apply to him. He

therefore argues that the Minnesota Supreme Court's decision affirming his sentences was an unreasonable application of clearly established federal law.[1]

If the Court were reviewing Ali's sentences *de novo*, it would be debatable as to whether the Eighth Amendment required that a *Miller* hearing be conducted before a juvenile offender could receive consecutive sentences that amounted to the functional equivalent of a life sentence without the possibility of release. Indeed, as the parties note, courts have reached different conclusions regarding this issue. Some courts have concluded that a *Miller* hearing must be held before the court can impose the functional equivalent of a life sentence. *See, e.g.*, *McKinley v. Butler*, 809 F.3d 908, 911 (7th Cir. 2016) (holding that the logic of *Miller* applies to de facto life sentences); *State v. Zuber*, 152 A.3d 197, 211 (N.J. 2017) (applying *Miller* regardless of whether juvenile faces formal life without parole or multiple term sentences that result in the functional equivalent). Others have held that such a hearing is required only before the imposition of a single life sentence without the possibility of release. *See, e.g.*, *Bunch v. Smith*, 685 F.3d 546, 553 (6th Cir. 2012) (concluding that *Miller* does not apply to consecutive fixed-term sentences); *State v. Castaneda*, 889 N.W.2d 87, 94, 97 (Neb. 2017) (declining to apply *Miller* to eight consecutive sentences totaling between 105 and 125 years'

---

[1] Ali also asks that the Court "remand the proceeding for re-sentencing to concurrent sentencing or for a *Miller* hearing" if it grants his writ of habeas corpus. Even if the Court were to conclude that the writ of habeas corpus should be granted, it would not be appropriate for this Court to determine what relief Ali should receive on remand. This Court may only consider whether the Minnesota Supreme Court's decision was an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). If remanded, it would be the district court's responsibility to determine whether to proceed with resentencing Ali to "concurrent sentencing or for a *Miller* hearing."

imprisonment). The outcome of this matter might be different if a different standard of review were applied here.

But this is not a direct appeal where such questions are considered *de novo*. *See Irby v. Smith*, No. 15-cv-1997 (PJS/TNL), 2016 WL 3255019, at *2 (D. Minn. June 13, 2016). Instead, this is a habeas proceeding, where this Court must determine whether the Minnesota Supreme Court's decision regarding Ali's Eighth Amendment rights amounted to an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Irby*, 2016 WL 3255019, at *2. Even assuming for sake of argument that this Court would have reached a conclusion opposite the Minnesota Supreme Court, it is not sufficient under the AEDPA that a state court's decision be incorrect. *Williams*, 529 U.S. at 411. Rather, this Court must conclude that the Minnesota Supreme Court's decision was "objectively unreasonable." *White v. Woodall*, 572 U.S. 415, 419 (2014). To warrant habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Under this rigorous standard, Ali's claim must fail. The Minnesota Supreme Court's decision does not conflict with any clearly established holding of the United States Supreme Court. The highest court in our nation has never addressed whether the Eighth Amendment requires courts to conduct a *Miller* hearing before imposing consecutive sentences that, individually, are not life sentences without the possibility of

release, but when stacked together, constitute the functional equivalent of a life sentence without the possibility of release for a juvenile offender. *See, e.g., Bunch*, 685 F.3d at 553; *Ali II*, 895 N.W.2d at 246. In fact, the conflicting caselaw on this subject post-*Miller* and *Montgomery* demonstrates not only the possibility for, but the existence of, "fairminded disagreement" on this issue. *See Harrington*, 562 U.S. at 103. Resolution of this debate requires a delicate balance of two Eighth Amendment interests: the requirement that sentences be just and proportional when considering the gravity of danger of the offenses[2] and the recognition that "children are constitutionally different from adults for purposes of sentencing." *Miller*, 567 U.S. at 469, 471. Given the absence of clearly established federal law as determined by the United States Supreme Court and the on-going debate on this issue, the Minnesota Supreme Court's decision affirming the district court's imposition of Ali's sentences for the murder of three separate victims was not objectively unreasonable for purposes of analyzing a writ of habeas corpus. Accordingly, this Court recommends that Ali's petition for relief be denied.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are

---

[2] As the Minnesota Supreme Court noted, Ali was convicted of multiple murders and similar sentences have been imposed on multiple occasions for offenses of a comparable nature. *Ali II*, 895 N.W.2d at 247.

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).

The legal questions concerning whether the Eighth Amendment prohibits courts from imposing the functional equivalent of a life sentence without the possibility of release for juvenile offenders without first holding a *Miller* hearing are complex. There is little clear precedent regarding this issue. State and federal courts have developed varying standards to determine whether such sentences are unconstitutional. Given these circumstances, it appears debatable among reasonable jurists how the United States Supreme Court, or the Eighth Circuit, would consider Ali's sentences under the Eighth Amendment. *See Irby*, 2016 WL 3255019, at *2.

Thus, for purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is likely that reasonable jurists would find the question of whether to deny Ali's habeas petition debatable depending on whether the rules that the United States Supreme Court announced in *Miller* and *Montgomery* apply to multiple sentences that, when stacked together, constitute the functional equivalent of a life sentence without the possibility of release for a juvenile offender. In addition, given the number of recent United States Supreme Court decisions on matters involving the sentencing of juvenile offenders and the importance of individualized sentence schemes in order to consider "the mitigating qualities of youth," *Miller*, 567 U.S. at 476 (citation omitted), this matter deserves further proceedings. Accordingly, this Court recommends that a certificate of appealability issue.

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1), be **DENIED** and **DISMISSED WITH PREJUDICE**.

2.    A certificate of appealability issue.


Date: November 14, 2018                    _____*s/ Tony N. Leung*_____
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Ali v. Roy*
                                           Case No. 18-cv-1467 (ECT/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).